Dear Mr. Hessel:
Your request for an opinion of the Attorney General has been forwarded to the undersigned for disposition. r question, as I appreciate it, is whether the planned activities of the Newly United Descendents of Eden upon the National Forest grounds would violate state law.
The response to your question is dictated by La. R.S. 14:106
which defines the offense of obscenity, as follows:
§ 106. Obscenity
A. The crime of obscenity is the intentional:
(1) Exposure of the genitals, public hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive. (Emphasis added)
The above language is the latest expression of the Louisiana Legislature appearing in Act. No. 252 of the 1979 Regular Session, and in the language of the legislature, was intended to include within the scope of the statute:
`Obscenity which takes place in any enclosed or unenclosed area operated to receive or accommodate the public or people at large or in any place or location viewable there from, to provide for an illustrative list of such places, and otherwise to provide with respect to matters related thereto.' La. Atty. Gen. Op. No. Page 29
Therefore, it is the opinion of this office that the use of the disjunctive `or' in the statute indicates that intent to arouse sexual desire is not necessary for the commission of the offense, and that therefore, any such exposure in a public place, such as the national forest, which could be found t appeal to prurient interest or to be patently offensive, would be in violation of the statute.
I hope that this opinion has been responsive to your inquiry. If you have any further questions, please do not hesitate to contact us.
Sincerely,
William J. Guste, Jr. Attorney General
By: Patrick G. Quinlan Assistant Attorney General La. Atty. Gen. Op. No. 79-1449, 1980 WL 16845 (La.A.G.) END OF DOCUMENT *Page 30 
Citation Search Result Rank 4 of 5 Database La. Atty. Gen. Op. No. LA-AG La. Atty. Gen. Op. No. 79-290, 1979 WL 38735 (La.A.G.)
 Office of the Attorney General State of Louisiana Opinion No. 79-290 May 18, 1979
CRIMINAL LAW — CRIMES OFFENSES 16 LEGISLATURE — ACTS AND BILLS 62-B OBSCENITY — PORNOGRAPHY 76 R.S. 14:106
Proposed legislation to cure R.S. 14:106 seems adequate to overcome the situation of State v. Muller.
Honorable Theodore M. Hickey State Senator District 3 4756 Arts Street New Orleans, Louisiana 70122